LUCIEN THIBIDEAU *vs.* WILLIAM MULLINS.

OCTOBER 23, 1962.

PRESENT: Condon, C. J., Roberts, Paolino and Frost, JJ.

CONDON, C. J. This action of trover and conversion was tried before a justice of the superior court without a jury. The case is here on the defendant's exception to the trial justice's decision in favor of the plaintiff.

On the evidence before him the trial justice found that defendant had wrongfully taken plaintiff's car from a private parking lot and had refused to surrender it upon proper demand therefor by plaintiff's attorney. Consequently

he decided that defendant had no valid defense. The defendant contends that he erred in failing to draw reasonable inferences from the evidence which showed that the car was lawfully taken and that no proper demand had been made for its return.

The evidence is undisputed. It appears therefrom that defendant had towed the car away from the parking lot and stored it in his garage at the request of the police department of the city of Providence. It further appears that plaintiff had been arrested while sitting in his car on the parking lot of St. Michael's Church in Providence and thereafter had been taken to the police station. He never saw his car again.

Upon what authority the police acted does not appear. Nor does it appear that plaintiff's car was connected in any way directly or indirectly with the cause of his arrest. The defendant presented no evidence in his own behalf to justify his compliance with the request of the police, but he argues that the reasonable inference from plaintiff's evidence is that such action on his part was lawful. And he further argues that being lawful he could not be held guilty of conversion until a proper demand was made upon him for the surrender of the car, which he claims the evidence fails to show.

On our view of the evidence we do not reach his second contention. We cannot say from our reading of the transcript that the trial justice was clearly wrong in weighing the evidence as he did and in concluding that the defendant had no authority for taking the plaintiff's car. Nor do we agree that he erred in not drawing the inference that the police requested the defendant to tow it away for safekeeping or because it was necessary to prevent the plaintiff from using it to escape at the time of his arrest. In our opinion there is not a scintilla of evidence that would justify such inferences. Therefore the law as stated in

4 Am. Jur., Arrest, §§68 and 69, p. 47, which the defendant cites in support of his contention that the trial justice erred in applying the law to the facts, is not in point.

The defendant's exception is overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Pontarelli & Berberian, Aram K. Berberian,* for plaintiff.

*Anthony Grilli, Anthony E. Grilli,* for defendant.